UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

N⁰ 04 Civ. 3407 (RJS) (FM)
_____

OMAR ROBERTSON,

Petitioner,

VERSUS

BRIAN FISCHER, Superintendent

Respondent.

_____

MEMORANDUM AND ORDER
April 22, 2010
_____

RICHARD J. SULLIVAN, District Judge:

Omar Robertson ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Bronx County, for murder in the second degree. Following conviction, Petitioner was sentenced to an indeterminate prison term of twenty years to life.

In his amended petition for habeas relief, filed May 20, 2004 (the "Amended Petition"), Petitioner argues that (1) the evidence presented at trial was insufficient to support a finding that Petitioner acted with depraved indifference to human life, and (2) he was deprived of a fair trial because the prosecutor (a) showed two witnesses a handgun not admitted into evidence, and (b) made improper remarks during his summation that shifted the burden of proof. On August 9, 2004, the Court referred the Amended Petition to the Honorable Frank Maas, United States Magistrate Judge. In a Report and Recommendation issued on March 26, 2008 (the "Report"), Judge Maas recommended that the Court deny the Petition. Petitioner timely filed objections to Judge Maas's Report, in which he largely reiterated the claims made in the Amended Petition. For

the reasons set forth below, the Court adopts the Report in its entirety and denies Petitioner's application.

## I. BACKGROUND

### A. Petitioner's Arrest and Trial

Petitioner was convicted on March 1, 1999, following a jury trial in New York State Supreme Court, Bronx County. (Tr. at 1490.) The evidence at trial established the following facts.

On December 14, 1996, Petitioner attended a party in a church in the Bronx. (Tr. at 135.) During the party, a fight erupted in which Petitioner was punched in the face by a member of a rival group. (Tr. at 43, 135, 287-90.) Eventually, the police arrived and directed everyone to leave the scene. (Tr. at 43-44.)

Once outside the church, Petitioner retrieved a firearm from behind the wheel of a car and followed two people from the rival group into the street. (Tr. at 45, 137-39, 314-15, 744.) When Petitioner caught up to these individuals, he demanded their coats, waved a firearm, and threatened to shoot them if they fled. (Tr. at 45-47, 162-63, 291, 321-22, 749-50.) The individuals began running and Petitioner fired two shots toward them. (Tr. at 48-49, 750.) One of the bullets struck and killed Beverly Ifill, a passerby that was not involved in the altercation. (Tr. at 48, 293-95, 644-46, 652-54.) Because the bullet passed through Ifill, police were unable to determine its caliber. (Tr. at 533, 542.) However, police recovered two nine-millimeter shell casings at the scene, and a ballistics expert determined that both rounds were discharged from the same weapon. (Tr. at 724.) Based on information from witnesses to the shooting, police arrested Petitioner at his home the following day. (Tr. at 1021, 1046-50.) In a videotaped interview shortly after his arrest, Petitioner admitted that he carried and fired a .25 caliber gun (the ".25") that night and that he had helped police recover this firearm. (Pet'r's Obj. at 1-2.)

The videotape of Petitioner's interview was not played at trial. Nevertheless, in his opening statement, defense counsel told the jury that he would "show that the gun [Petitioner] had was a small .25 caliber weapon," and not the nine-millimeter weapon used to shoot Ifill. (Tr. at 21.) To rebut this argument, the prosecution sought the court's permission to question several witnesses about the .25, even though it was not admitted into evidence. (Tr. at 79-82, 1444-45.) The trial judge permitted the prosecutor to ask limited questions about the .25, but shielded the gun from the jurors' sight by placing it in a box. (Tr. at 79-82.) In response to the prosecutor's questions, two witnesses testified that the .25 was smaller than the gun they saw Petitioner fire on the night in question. (Tr. at 82-83, 632-33.) Several other witnesses also identified Petitioner as the shooter, but did not testify as to the details of the gun. (Tr. at 46-47, 74-75, 225-30, 290-91, 323-24, 598, 746-50, 936-37.)

### B. The Verdict and Sentence

On March 1, 1999, the jury found Petitioner guilty of murder in the second degree. (Tr. at 1490.) The jury found Petitioner not guilty of murder in the first degree, as well as two additional counts of murder in the second degree. (Tr. at 1490.) On April 12, 1999, Petitioner was sentenced to an indeterminate term of twenty years to life in prison. (Aff. of Allen H. Saperstein, dated Nov. 4, 2004 at ¶ 3.)

C. Post-Trial Proceedings

Petitioner appealed to the Appellate Division, First Department, and on May 1, 2003, the court affirmed Petitioner's conviction. *People v. Robertson*, 757 N.Y.S.2d 745 (App. Div. 2003). Petitioner filed an application for leave to appeal to the New York Court of Appeals, but this application was denied on July 11, 2003. *People v. Robertson*, 796 N.E.2d 489 (N.Y. 2003). Petitioner's request for reconsideration of this decision was denied on October 20, 2003. *People v. Robertson*, 801 N.E.2d 432 (N.Y. 2003).

D. The Habeas Petition

Petitioner filed his Amended Petition on May 20, 2004.[1] (Doc. No. 4.) Petitioner argues that (1) the prosecution "failed to present sufficient evidence to prove beyond a reasonable doubt that [Petitioner] possessed the [requisite] mental culpability," and (2) he was denied the right to a fair trial by (a) "the prosecution's exhibiti[on of a firearm] to witnesses which was not connected to [Petitioner]," and (b) "the prosecution's burden-shifting and misleading summation arguments."  (Am. Pet. at 13(a)-(b).) Petitioner asserts all of these claims under the Fourteenth Amendment.

---

[1] This case was originally assigned to the Honorable Michael B. Mukasey. On June 25, 2006, the case was reassigned to the Honorable Sidney H. Stein (Doc. No. 5.), and on October 27, 2004, the case was again reassigned to the Honorable Kenneth M. Karas. (Doc. No. 11.)  On September 4, 2007, the case was transferred to the docket of the undersigned. (Doc. No. 14.)

In his Report, Judge Maas concluded that the evidence in the record was "more than sufficient for the jury to find that [Petitioner] caused Ifill's death under circumstances establishing a depraved indifference to human life." (Report at 23.) Judge Maas further found that the testimony regarding the .25 did not deprive Petitioner of a fundamentally fair trial. (*Id.* at 26-27.) Finally, Judge Maas found that Petitioner's claims with respect to the prosecutor's summation were procedurally barred because defense counsel failed to properly object at trial. (Report at 14.)

Petitioner timely filed objections to Judge Maas's Report, essentially rearguing the claims asserted in the Amended Petition. (Doc. No. 28.) In his objections, Petitioner also argued for the first time that the prosecution's use of the .25 violated the Sixth Amendment.  Respondent also filed an objection, arguing that Petitioner's sufficiency of the evidence claim is procedurally barred. (Doc. No. 26.)

II. STANDARD OF REVIEW

A federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In reviewing a report and recommendation prepared by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

3

by the magistrate judge." *Id.* § 636(b)(1)(C). When a party has filed written objections to a magistrate judge's findings, the district court must undertake a de novo review of the portions of the report to which the party has objected. *Id.*; *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where the objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

Here, Petitioner's objections do not address Judge Maas's conclusions with specificity, but instead merely reiterate his prior arguments. Accordingly, the Court will review these objections for clear error.[2]

### III. DISCUSSION

#### A. Sufficiency of the Evidence

In Petitioner's first objection to Judge Maas's Report, he repeats the argument set forth in the Amended Petition that the evidence presented at trial was insufficient to support a finding that Petitioner acted with depraved indifference to human life because he did not intend to shoot Ilfill.[3]

A habeas petitioner "bears a very heavy burden" when challenging the sufficiency of the evidence for his conviction. *Einaugler v. Supreme Ct. of the State of N.Y.*, 109 F.3d 836, 840 (2d Cir. 1997). A petitioner is only entitled to habeas relief under the Fourteenth Amendment if no reasonable trier of fact could have found every element of the crime beyond a reasonable doubt. *Policano v. Herbert*, 507 F.3d 111, 115-16 (2d Cir. 2007).

In New York, a defendant is guilty of murder in the second degree if, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." N.Y. Penal Law § 125.25(2). At the time of Petitioner's conviction, the degree of risk created by a defendant was assessed using an objective standard.[4] *See People v. Sanchez*, 777 N.E.2d 204, 207-08 (N.Y. 2002). Therefore, to prove that a defendant acted recklessly, the

---

[2] Although the Court finds that Petitioner's objections are properly subject to a clear error standard of review, the Court would find the objections to be meritless under a de novo standard of review as well.

[3] The Court agrees with Judge Maas that Petitioner's claim regarding his mental state is not a new claim that Petitioner is procedurally barred from asserting in a habeas petition. *See Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 190-91 (2d Cir. 1982) (noting that, pursuant to the exhaustion requirement, a federal court normally will not review a claim in a habeas petition unless the claim was first asserted in state court and included all of the essential facts alleged in federal court). In Petitioner's state appellate brief, Petitioner acknowledged that he "recklessly fired the shots." (Resp't Aff. Opp'n Ex. 1 at 26-28.) In the Amended Petition, Petitioner argues that he "accidentally, fired two shots . . . striking the decedent." (Am. Pet. at 13(a).) These theories are not materially different such that Petitioner's claim must be dismissed on this basis.

[4] New York now applies a subjective standard, which focuses the analysis on the defendant's actual state of mind at the time of the act. *See People v. Feingold*, 852 N.E.2d 1163, 1166-67 (N.Y. 2006). However, this Court must apply the law as it existed when Petitioner's conviction became final. *See Williams v. Phillips*, 307 F. App'x 489, 491 n.2 (2d Cir. 2008) (noting the change in New York law regarding depraved indifference murder and stating that this change is not retroactive).

4

prosecution was required to demonstrate "objective circumstances of exceptionally high, unjustified risk of death." *Sanchez*, 777 N.E.2d at 207.

Here, a review of the record reveals sufficient evidence to support a finding that Petitioner acted with depraved indifference to human life. Testimony at trial established that Petitioner, in apparent retaliation for an earlier fight, threatened to shoot two individuals while attempting to steal their jackets. (Tr. at 45-47, 135-37, 291.) When the individuals fled, Petitioner fired two shots in their direction while they ran down a public street. (Tr. at 47-49, 291, 749-50.) Petitioner's gunfire killed one bystander and put others at risk of death or serious injury. (Tr. at 644-46, 652-54.) Clearly, a factfinder could reasonably conclude that this behavior, when viewed objectively, created an unjustified risk of death. The Court, therefore, agrees with Judge Maas that Petitioner's claim is without merit.

B. The Prosecutor's Display of the .25

In his next objection to Judge Maas's Report, Petitioner argues that he was denied the right to a fair trial in violation of the Sixth and Fourteenth Amendments because two witnesses were shown the .25 and asked questions about it.[5] Petitioner argues that this "allowed jurors to conclude that the weapon somehow incriminated" him (Am. Pet. at 13(b)), even though the prosecution and the defense both argued at trial that a larger nine-millimeter firearm killed the victim.

---

[5] The Court will not review Petitioner's objection regarding the Sixth Amendment because this claim was not raised in his Amended Petition. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

A state court evidentiary ruling does not present a constitutional error unless it denies a defendant a "fundamentally fair trial." *Smith v. Grenier*, 117 F. App'x 779, 781 (2d Cir. 2004) (internal quotation marks omitted). The Court concurs with Judge Maas that the testimony regarding the .25 and its display to witnesses does not satisfy this standard.

First, it was defense counsel, not the prosecution, who introduced the .25 into the case. In his opening statement, defense counsel argued that, on the night in question, Petitioner possessed the .25, not the nine-millimeter weapon that killed Ifill. (Tr. at 21.) Although Petitioner now asserts that the .25 was "not connected" to him (Am. Pet. at 13(b)), Petitioner notes in his objections to Judge Maas's Report that the .25 displayed at trial was his firearm, and that he helped police recover it (Pet'r's Obj. at 2, 4, 5). The prosecutor therefore acted reasonably in seeking to rebut defense counsel's theory of the case by questioning several witnesses with respect to the firearm they saw Petitioner use. The trial judge also mitigated any prejudice by limiting questioning to the color and size of the .25. (Tr. at 82-84, 631-35.)

Moreover, it is unlikely that testimony about the .25 had any prejudicial effect given the strength of the prosecution's overall case, which included corroborating testimony from several witnesses who observed Petitioner fire a gun in Ifill's direction.

Accordingly, the Court agrees with Judge Maas that the state court's resolution of this evidentiary issue did not violate the requirements of § 2254(d) and, therefore, Petitioner does not merit habeas relief on this claim.

5

### C. Summation and Burden-Shifting

In his final objection to Judge Maas's Report, Petitioner argues that several of the prosecutor's comments during his summation shifted the burden of proof, thereby violating his Fourteenth Amendment due process rights. Judge Mass concluded that, because defense counsel failed to articulate the basis of his objections to the prosecutor's statements during summation, this claim is procedurally barred. (Report at 17.)

A federal court is precluded from reviewing a habeas petitioner's federal constitutional claim if the state court's denial of that claim rested on adequate and independent state law grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). One such adequate and independent state law ground is New York's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05, which requires a defendant to make a contemporaneous objection at trial in order to preserve an issue for appeal. *See Garcia v. Lewis*, 188 F.3d 71, 82 (2d Cir. 1999). To satisfy the contemporaneous objection rule, the defendant's objection must be sufficiently specific to "bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action." *Cotto v. Herbert*, 331 F.3d 217, 242 (2d Cir. 2003) (internal quotation marks omitted).

Here, the Appellate Division declined to review the merits of Petitioner's summation error claim, finding the claim "unpreserved." *Robertson*, 757 N.Y.S.2d at 745. A review of the record confirms that defense counsel failed to comply with the contemporaneous objection rule. While defense counsel made several general objections to the prosecutor's summation, he failed to identify the basis of his objections and did not seek a curative instruction or a mistrial following the prosecutor's summation. Accordingly, Judge Maas correctly concluded that this claim is procedurally barred because it was decided on independent and adequate state law grounds.

A federal habeas court may only review the merits of a procedurally-barred claim if the petitioner makes one of two showings. First, he may show cause for his default, and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause can be established by showing that the default was the result of "some objective factor external to the defense." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Second, the petitioner may show that the federal court's refusal to consider the merits of his claim will result in a fundamental miscarriage of justice, because he is "actually innocent" of the crimes of which he was convicted. *Aparicio*, 269 F.3d at 90. A court may find that a petitioner is actually innocent only when, after reviewing all of the evidence, it concludes that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner has not argued that any external circumstances excuse his procedural default. Further, Petitioner's habeas claim does not advance an argument that he is actually innocent. As noted by Judge Maas, Petitioner merely asserts, in a general and conclusory manner, that the prosecutor's summation improperly appealed to the jury's "sympathies and fears" by arguing that there was "no evidence to support a reasonable doubt" as to Petitioner's guilt. (Am. Pet. at 13(b).) Having reviewed the record, the

6

Court finds that Petitioner cannot satisfy the high standard required for a showing of actual innocence. As discussed above, the prosecution presented ample evidence to support Petitioner's conviction.

Accordingly, the Court agrees with Judge Maas that this claim is procedurally barred and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has failed to establish his entitlement to habeas relief pursuant to 28 U.S.C. § 2254. Accordingly, Petitioner's application is denied. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: April 22, 2010
      New York, New York

\* \* \*

Petitioner is appearing in this matter on a *pro se* basis. Respondent is represented by Alan H. Saperstein, Office of the District Attorney, Bronx County, 198 E. 161st Street, Bronx, NY 10451.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/10

Copies to:

Omar Robertson
#99-A-2380
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Allen H. Saperstein, Esq.
Assistant District Attorney
Office of the District Attorney
198 E. 161st Street
Bronx, New York 10451